# Dalton et ux., Appellants, *v.* Philadelphia & Reading Ry.

*Negligence—Railroads—Minors—Playground—Evidence.*

1. The occasional and intermittent use of premises by children for recreation purposes will not turn the property into a playground.

2. The amount of use that will bring otherwise private grounds within the playground rule, must depend to a large extent on the circumstances of each case.

3. The use contemplated is such as to cause the place to be known generally in the immediate vicinity as a recreation centre, and its occupancy should be shown to be of such frequency as to impress it with the obligation of ordinary care on the part of the owner.

4. A railroad yard abutting on a river cannot be fixed as a playground by testimony of witnesses that they had seen boys throwing stones into the river or over the pier, and that children had been seen playing in the yard, but without proof as to the approximate number of children or the times when they played.

Argued December 1, 1925.   Appeal, No. 375, Jan. T., 1925, by plaintiffs, from judgment of C. P. No. 2, June T., 1923, No. 4183, for defendant n. o. v., in case of James Dalton and Elizabeth Dalton, his wife, v. Philadelphia & Reading Ry. Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for death of plaintiff's minor son.   Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $5,000 on which judgment n. o. v. was entered for defendant.   Plaintiffs appealed.

*Error assigned* was judgment n. o. v., quoting it.

*Harry E. Apeler,* with him *Henry J. Scott,* for appellants, cited: Gawronski v. McAdoo, 266 Pa. 449; Hydraulic Works Co. v. Orr, 83 Pa. 332; Gillespie v. Mc-

Gowan, 100 Pa. 144; Schilling v. Abernethy, 112 Pa. 437; Corbin v. Phila., 195 Pa. 461; Rachmel v. Clark, 205 Pa. 314; Duffy v. Iron Works, 210 Pa. 326.

*Henry R. Heebner,* with him *Wm. Clarke Mason,* for appellee, cited: Thompson v. R. R., 218 Pa. 444; Gillespie v. McGowan, 100 Pa. 144; Ansell v. Phila., 276 Pa. 370; Hojecki v. Ry., 283 Pa. 444; Guilmartin v. Phila., 201 Pa. 518; Murray v. R. R., 263 Pa. 398; Daniels v. Coal & Coke Co., 279 Pa. 47.

PER CURIAM, January 4, 1926:

Plaintiffs sued to recover damages for the death of their seven-year-old son who fell from a barge lying alongside of a pier of defendant company, into the Delaware River at Philadelphia, and was drowned. A verdict rendered in plaintiffs' favor in the sum of $5,000 was subsequently set aside by the court below and judgment entered for defendant.

The pier in question, a part of defendant company's railroad yard, was equipped with the usual appliances for loading and unloading merchandise to and from boats and cars and used for that purpose. On the afternoon of May 26, 1923, plaintiff's son, following an elder boy, who carried dinner to his uncle, the captain of the barge, entered the yard, passed to the pier and from there boarded the boat, which latter was not the property of defendant. The older boy testified that after both had been on the boat some time, he heard "a scream and a splash and he [the younger boy] was overboard," and drowned before assistance could be had. Plaintiffs contend defendant permitted children of tender years to use the railroad yard as a playground, and accordingly was bound to provide against a contingency such as happened in this case, and not having done so was guilty of negligence and liable in damages for the boy's death. In the recent case of Fitzpatrick v. Penfield, 267 Pa. 564, we held that occasional and intermittent use

of premises by children for recreation purposes would not turn the property into a playground and said (page 572) : "The amount of use that will bring otherwise private ground within the playground rule must depend to a large extent on the circumstances of each case. It may be said that the use contemplated is such as to cause the place to be generally known in the immediate vicinity as a recreation center, and its occupancy should be shown to be of such frequency as to impress it with the obligation of ordinary care on the part of the owner." To sustain plaintiffs' contention of general use of defendant's yard as a playground, a witness said that on one occasion he had seen three or four boys there "banging stones into the river," another witness saw boys at the water's edge throwing stones over the pier, another had seen children playing in the yard, but was unable to even approximate the number or fix the times. This evidence was entirely too weak and indefinite to bring the premises within the playground rule. Further, negativing this testimony, it appears entrance to the yard from the street is prevented by a fence, eight feet in height, with a gate at which there is constantly a watchman to exclude persons not having business on the property. How plaintiffs' son gained entrance into the yard is not shown by the testimony; he was first seen by the older boy as they were boarding the barge from the pier. Besides, the boy passed safely through the railroad yard, boarded a barge belonging to others, remained there some time and from that property fell into the river and lost his life through no negligence on the part of the defendant.

Judgment affirmed.